8578

STATE v. MATTISON.

1. SELF-DEFENSE—CHARGE.—Where the charge complained of is considered in its entirety it simply means that if as reasonable men the jurors reach the conclusion that the plea of self-defense is sustained by the preponderance of the evidence, they should acquit the defendant.

2. APPEAL—IBID.—Where an error in a charge is patent a party may lose his right to except to it on appeal by not calling the attention of the Court to it.

Before PRINCE, J., Anderson, Spring term, 1911. Affirmed.

Indictment against Jim Mattison for murder. Defendant appeals.

*Messrs. Martin, Greene and Earle,* for appellant, cite: *Defendant was only required to prove self-defense by preponderance of the evidence:* 72 S. C. 223; 82 S. C. 280.

*Solicitor P. A. Bonham,* contra.

June 11, 1913. The opinion of the Court was delivered by

Mr. Chief Justice Gary. The defendant was indicted for murder, and upon his trial, the jury rendered the following verdict: "Guilty of manslaughter, with recommendation to mercy."

From the sentence imposed upon him, he appealed upon the following exception:

"It is respectfully submitted that his Honor, the presiding Judge, erred in charging the jury as follows: 'Mr. Foreman, on the issue of self-defense, if you entertain a reasonable doubt as to where lies the greater weight of the testimony, the plea as an affirmative plea fails, and it is not established because it must be established by the greater weight of the evidence, and if you are in doubt as to where lies the greater weight of the evidence, then it has not been established. But if after considering the whole case, after considering all the evidence adduced on the main issues, the main facts put in issue by the allegations of the indictment and the general plea of not guilty, and after considering all the evidence adduced in support of the issues thus raised, and the issue of self-defense, after considering all the testimony in the whole case, you entertain a reasonable doubt that the party is guilty, give him the benefit of that doubt, and write a verdict of not guilty.'

"The error consists in imposing upon defendant a greater burden of proof, and in requiring of him a greater *quantum* of evidence than the law requires, with respect to his plea of self-defense."

His Honor, the presiding Judge, charged the jury as follows, in regard to the plea of self-defense:

"Where one kills another in the exercise of self-defense, that is an excusable homicide and is not unlawful.

"When may one plead self-defense, and what is the nature of that plea?

"It is an affirmative defense, and the burden of establishing it by the greater weight of the evidence, is on him who sets it up.

"Whenever one attempts the taking of the life of his fellow man, or whenever it is proven to the satisfaction of the jury beyond a reasonable doubt, that one has taken the life of his fellow man, and he seeks in either case to be excused on the ground of self-defense, he must be prepared to prove and he must prove by the greater weight of the evidence ordinarily, these four propositions; * * *

"The question is, has the defendant by his special plea, his affirmative defense in this case, satisfied you by the greater weight of the evidence, that it was necessary or apparently necessary, to take the life of the deceased? * * *

"I said something about the greater weight of the evidence awhile ago.    Sometimes that expression is misunderstood by jurors.

"I do not mean by that, Mr. Foreman, the greater number of witnesses testifying to any given fact, because one man may by his superior observation and his accuracy of observation, by his higher character may put more into one statement, than a dozen others with less accuracy of observation, with less character, would make in a dozen statements.

"When I say greater weight of evidence, Mr. Foreman, I mean the greater amount of truth, when it comes to one or a dozen witnesses, or whether gathered from this witness or that, and it is the honest conclusion of the jury as to what the truth is after considering all the testimony adduced. * * *

"If you are not satisfied beyond a reasonable doubt that he is either guilty of murder or manslaughter, find him not guilty.    Or if you are satisfied by the greater weight of the evidence, that he has made good his plea of self-defense, find him not guilty," thus giving him the benefit of all reasonable doubts on the entire case.

When the charge is considered in its entirety, the only reasonable construction of it is, that his Honor, the presiding Judge, simply meant to instruct the jurors, that if as

reasonable men they reached the conclusion, that the plea of self-defense was sustained by the preponderance of the evidence, they should acquit the defendant, but, that if there was not a preponderance of the evidence in its favor, then the defendant was not entitled to an acquittal on such ground.

Furthermore, the error was so patent that it might be successfully contended, that the defendant waived the right to rely upon it as a ground of appeal by failing to call attention to it.

Judgment affirmed.